AF Approval _____          Chief's Approval _Ra_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                CASE NO. 8:13-Cr-626-T-23AEP

MICHAEL GALLON

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A.

Lee Bentley, III, Acting United States Attorney for the Middle District of Florida,

and the defendant, MICHAEL GALLON, and the attorney for the defendant, Cory

Chandler, mutually agree as follows:

**A.     Particularized Terms**

1.  Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One and Two of the

Information.  Count One charges the defendant with Sex Trafficking of a Minor or

by Force, Fraud or Coercion, in violation of 18 U.S.C. § 1591(a). Count Two

charges the defendant with Distribution of Child Pornography, in violation of 18

U.S.C. §  2252(a)(2).

2.  Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment       _C #C_

of not less than ~~fifteen~~ years up to life, a fine of $250,000, a term of supervised

Defendant's Initials _ℓ_

release of at least five years to life. Count Two is punishable by a term of imprisonment of not less than five years up to twenty years, a fine of $250,000, a term of supervised release of at least five years to life and a special assessment of $100 per felony count. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3. <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

<u>First</u>: the Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means J.L.;

<u>Second</u>: that the Defendant did so knowing or in reckless disregard of the fact that ~~means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause the person to~~ engage in a commercial sex act, the person had not attained the age of 18 years and would be caused to engage in a commercial sex act; and

<u>Third</u>: that the Defendant's acts were in or affected interstate and/or foreign commerce.

The elements of Count Two are:

First: the Defendant knowingly distributed a visual depiction;

Second: the depiction was mailed, shipped, or transported in interstate or foreign commerce by any means, including computer;

Third: producing the visual depiction involved using a minor engaged in sexually explicit conduct;

Fourth: the depiction is of a minor engaged in sexually explicit conduct; and

Fifth: the Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

4. Indictment Waiver

Defendant will waive the right to be charged by way of Indictment before a federal grand jury.

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. §3663A(a) and (b), defendant agrees to make full restitution to J.L.

7. Restitution to Persons Other Than the Victim of the Offense of Conviction - Agreed Upon Amount

Pursuant to 18 U.S.C. §3663(a)(3) and/or 3663A(a)(3), defendant agrees to make restitution to A.W., V.B., T.H., C.D., T.R., M.D., Y.C., T.M., S.P., L.L., and K.B. in an amount to be determined.

8. Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

9. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility,

Defendant's Initials _____ 4

pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.4., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10. Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or

control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG § 5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

11. Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of



Defendant's Initials _____    6

defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

12. Cooperation - Responsibilities of Parties

a.     The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.     It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)     The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may

either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)　The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)　The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

13. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code, Sections 1594 and 2252, and Title 28, United States Code, Section 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the following:

a) 2004 Lincoln Navigator, VIN: 5LMFU27R54LJ39147;

b) 2003 Mercedes-Benz, VIN: WDBNG70J73A317273;

c) Apple iPhone, Serial Number: C39GHQUBDTC1;

d) Apple iPhone, Serial Number: C78JX6FQDP0V;

Defendant's Initials _____　9

e) Huawei Metro PCS cell phone, Serial Number: U3Z9MB92B1413007; and

f) Compaq Presario Laptop, Serial Number: 5CB1381LNC;

which assets were used to facilitate the offenses charged in Counts One and Two as set forth in the Factual Basis below.

14. Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. § 2253, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he/she has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he/she has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he/she is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of:

a) Apple iPhone (1) serial #: C39GHQUBDTC1;

b) Apple iPhone (2) serial #: C78JX6FQDP0V;

c) Huawei Metro PCS cell phone serial #: U3Z9MB92B1413007; and

d) Compaq Presario Laptop serial #:5CB1381LNC;

15. Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.** **Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release

Defendant's Initials [signature]     12

from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

4. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his/her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he/she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third

parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

5. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government

Defendant's Initials _____     14

regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

6. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

7. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

8. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

9. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that

Defendant's Initials  16

plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

10. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

<u>FACTS</u>

Michael GALLON is a "pimp" that operates in the state of Florida and southeastern United States. Beginning on an unknown date, but at least February 2009, GALLON began recruiting adult and minor aged females to work for him. GALLON ran a "dance team" that performed and prostituted at bachelor parties and house parties around Florida and the southeastern United States, to include the state of Kentucky. GALLON transported the females to the parties and to prostitution dates, using federal highways, in his Lincoln Navigator and/or his Mercedes Benz.

**1. J.L.**

During the month of February 2012, when J.L. was 16 years old, J.L.'s friend asked her to accompany her to work for GALLON on an out-of-town weekend trip. J.L. agreed to go on the trip because her friend was nervous about going alone. On the following Thursday evening, GALLON, along with several other females, picked J.L. up in a black Mercedes-Benz. GALLON asked her how old she was and she told him 16 years old. GALLON told her that if anybody asks her age she is to tell them she is 18. GALLON transported J.L. and the other females in his vehicle to his residence, located in Lakeland, Florida, in the Middle District of Florida. Over the course of the night, 9 to 10 other females arrived at his residence.

The following morning, GALLON left his residence and went to the bank. He returned with hundreds of dollars in single dollar bills. Later that day,

Defendant's Initials _____ 18

GALLON transported J.L. and several other females from his residence in Lakeland, Florida, to Lake City, Florida. On the way to Lake City, GALLON stopped in other locations, like Gainesville, and picked up additional females.

When they arrived in Lake City, GALLON drove them to a party that he had previously arranged. The party was held at a co-conspirators house located on North East Saint Clair Street in Lake City, Florida. There were several older males at the party. The females that GALLON brought, some of whom were under the age of 18, removed their clothing and began to dance in a sexual manner. The men at the party paid the girls dancing with tips. Additionally, there were "VIP" rooms, where the girls engaged in commercial sex acts with the men at the party.

GALLON charged the men around $10.00 or $20.00 at the door to enter the party. If a man wanted to have sex with one of the girls, he had to pay GALLON around $30.00 to take the girl into a VIP room. Additionally, the girl also had to pay GALLON around $30.00 to use the VIP room to engage in prostitution acts with the men. While in the VIP room, the girls charged the men a separate fee for sexual acts, a portion of which the girls had to pay to GALLON. GALLON instructed the girls on what amounts to charge for various sexual acts. J.L. did not prostitute during the party.

After the party, GALLON drove the girls to a co-conspirators house located on North East Colorado Terrace in Lake City, Florida, to sleep for the night. That night, a male subject came to the property where they were sleeping

Defendant's Initials _____     19

and offered GALLON money to have sex with J.L.. J.L. told GALLON that she did not want to prostitute. ~~GALLON yelled at her, physically threatened her, and told her he would leave her alone in Lake City if she did not prostitute. As a result, J.L. prostituted for GALLON with an unknown male that night.~~

*C zc*

J.L. continued to prostitute for GALLON, mostly on the weekends, for several months because he convinced her that he cared about her and that she was special to him. Most of GALLON's prostitution parties that J.L. worked occurred in Lake City, Florida. Men at the parties often sold narcotics to GALLON, which GALLON resold to the girls prostituting for him. The narcotics included cocaine, marijuana, and various types of pills, to include ecstasy (MDMA).

While J.L. was working for GALLON, he would invite her over to his residence before an out of town trip, so that he could have sex with her. GALLON's residence was a gathering spot for the females that prostituted for him. GALLON typically left Lakeland on Fridays to travel to prostitution parties in other locations. Many of the girls working for him were told to spend Thursday night at his residence to ensure GALLON had everyone together in one location prior to leaving.

During the months that J.L. worked for GALLON in 2012, there were several occasions that, in addition to the weekend prostitution events, she also worked "licks" for him. "Licks" was the name that GALLON used to describe when he arranged for a female to be prostituted to a man on a one-on-one basis,

outside of a party. J.L. advised that she did several "licks" for GALLON. On some instances when she did a "lick" for GALLON, she would go to his residence and GALLON would then drive her to meet with the man paying to have sex with her. After they were done having sex, the customer would drive her back to her own house. J.L. typically received none of the money the customer paid GALLON. J.L. estimated that while prostituting for GALLON she had sex with approximately thirty to forty men.

J.L. advised that GALLON often contacted her and the other females who worked for him, via cellular telephone when arranging parties and licks. Law enforcement found text messages between J.L. and GALLON on J.L.'s cellular telephone. The text messages corroborated J.L.'s statements. Some of the text messages are as follows:

**GALLON to J.L.:** "Attn all dancers we have just been booked for a show in Kentucky on nov tenth we will do a show that Friday before we leave more details this weekend at the Halloween party"

**J.L. to GALLON:** "I'm mad I suppose to slept with u tonight Mike..y u made me come lol...n how much money he gave u for me"

**GALLON to J.L.:** "Yes he paid you good to ahead see you ithe am"

**J.L. to GALLON:** "OK n he bringing me bk in a half hour cuz he stay wit his GRANDparents n they a be getting up in a lil."

## 2.     SEARCH WARRANTS

On May 3, 2013, law enforcement executed Federal search warrants on GALLON's residence, vehicles, cellular telephone, and a co-conspirators residence. The following is some of the relevant evidence that was discovered and seized:

**Lap top computer** – Law enforcement located a Compaq Presario laptop computer in the family room of GALLON's residence. GALLON admitted to owning the computer. A forensic review of the laptop computer revealed several photographs of females in sexually suggestive poses and clothing. Law enforcement identified at least one minor victim dressed in sexually suggestive clothing. A follow up interview with the minor victim, confirmed that the photograph was taken by GALLON while she was working at one of GALLON's shows in Madison, Florida.

**Cellular Telephones** – Law enforcement seized two Apple iPhones and a Huawei Metro PCS from GALLON. The search of GALLON's cellular telephones uncovered dozens of photographs of females that law enforcement believes work or worked for GALLON. Many of the females are naked or in sexually suggestive clothing. At least one photograph depicts a naked minor victim.

(i)      The child pornographic image depicts a 16 year old black female, sitting on a chair, completely nude, with her legs spread. The focal point of the photograph is the minor victim's breast and open vagina.

Defendant's Initials _____      22

(ii)     The minor victim identified herself in the child pornographic photograph and advised that the picture was taken during a show she worked for GALLON in Deland, Florida.

(iii)    A forensic examination of the cellular telephones, revealed that GALLON forwarded the child pornographic picture, via text, to other cellular telephone numbers.

(iv)    GALLON's cellular telephones contained text messages between him and the females he employed as well as text messages between him and clients.

(v)     All of the cellular telephones seized from GALLON were manufactured outside of the United States.

11. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

12. Certification

The defendant and defendant's counsel certify that this plea agreement

has been read in its entirety by (or has been read to) the defendant and that

defendant fully understands its terms.

DATED this 27th day of ~~December, 2013~~ January, 2014

_____
MICHAEL GALLON
Defendant

_____
CORY CHANDLER
Attorney for Defendant

A. LEE BENTLEY, III
Acting United States Attorney

_____
STACIE B. HARRIS
Assistant United States Attorney

_____
SIMON A. GAUGUSH
Assistant United States Attorney
Chief, General Crimes