# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER:  8:13-cr-626-T-23AEP |
| vs. | USM NUMBER:  59552-018 |
| MICHAEL GALLON | Defendant's Attorney:  Cory Chandler, CJA |

THE DEFENDANT:

__X__  pleaded guilty to counts one and two of the information.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), (b)(2), and 2 | Sex trafficking of a minor. | October, 2012 | ONE |
| 18 U.S.C. §§ 2252(a)(2) and (b)(1) | Distribution of child pornography. | February 6, 2013 | TWO |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: May 29, 2014

**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**

DATE:  May 30th, 2014

| | | |
|---|---|---|
| Defendant: | MICHAEL GALLON | Judgment - Page _2_ of _6_ |
| Case No.: | 8:13-cr-626-T-23AEP | |

## IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **four hundred five (405) months, consisting of concurrent terms of four hundred five (405) months as to count one and two hundred forty (240) months as to count two.**

__X__  The court makes the following recommendations to the Bureau of Prisons:

    __X__  Participation in the 500 hour intensive drug program and confinement at Coleman or another facility that allows the defendant to participate in the 500 hour intensive drug program.

__X__  The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

____ Defendant delivered on _____ to _____

__ at _____, with a certified copy of this judgment.

_____

United States Marshal ✓

By:_____

Deputy United States Marshal

| | |
|---|---|
| Defendant: MICHAEL GALLON | Judgment - Page _3_ of _6_ |
| Case No.: 8:13-cr-626-T-23AEP | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for **concurrent terms of life as to each of counts one and two.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

__X__    The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Based on the probation officer's determination that additional drug urinalysis is necessary, the court authorizes random drug testing not to exceed 104 tests per year.

__X__    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | | |
|---|---|---|
| Defendant: | MICHAEL GALLON | Judgment - Page _4_ of _6_ |
| Case No.: | 8:13-cr-626-T-23AEP | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall participate in a substance abuse program and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall be required to contribute to the cost of services for such treatment not to exceed an amount determined reasonable by the Probation Office Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

2. Defendant shall participate in a mental health program specializing in sex offender treatment approved by the probation officer, and abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph and/or computer voice stress analysis (CVSA) testing. The results of the polygraph and/or CVSA examination may not be used as evidence in court to prove that a violation of community supervision has occurred, but may be considered in a hearing to modify release conditions. Further, the defendant shall contribute to the costs of such treatment and/or polygraph testing not to exceed an amount determined reasonable by the probation officer based on ability to pay or availability of third party payment and in conformance with the Probation Officer's Sliding Scale for Treatment Services.

3. The defendant shall register with the state sexual offender registration agency(s) in any state where he resides, visits, is employed, carries on a vocation, or is a student, as directed by the probation officer.

4. The probation officer will provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S. 943.0435) and may direct the defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

5. The defendant shall remain, at all times, in compliance with the requirements of the state sexual offender program with which he is registered.

6. The defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including: schools, daycare centers, theme parks, playgrounds, etc.

7. The defendant is prohibited from possessing, subscribing to, or viewing, any video, magazine, or literature depicting children in the nude and/or sexually explicit positions.

8. Defendant shall not possess or use a computer with access to any online service at any location (including employment) without written approval from the probation officer. This includes access through any internet service provider, bulletin board system, or any public or private computer network system. The defendant shall permit routine inspection of his computer system, hard drives, and other media storage materials, to confirm adherence to this condition. This inspection shall be no more intrusive than is necessary to ensure compliance with this condition. The defendant shall inform his employer, or other third party who may be impacted by this condition of this computer-related restriction and the computer inspection provision of the condition.

| | | |
|---|---|---|
| Defendant: | MICHAEL GALLON | Judgment - Page _5_ of _6_ |
| Case No.: | 8:13-cr-626-T-23AEP | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $200 | waived | |

___ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

___ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| **Totals:** | $ ___ | $ ___ | |

___ Restitution amount ordered pursuant to plea agreement $ _____.

___ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

___ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ___ the interest requirement is waived for the ___ fine ___ restitution.

     ___ the interest requirement for the ___ fine ___ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| Defendant: | MICHAEL GALLON | Judgment - Page _6_ of _6_ |
| Case No.: | 8:13-cr-626-T-23AEP | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.    _X_    Lump sum payment of $ 200 due immediately.

         ___ not later than _____, or

         ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B.    ___    Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.    ___    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.    ___    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.    ___    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.    ___    Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_    Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:


_    The defendant shall pay the cost of prosecution.

_    The defendant shall pay the following court cost(s):

_    The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.